Mary GLOVER, et al., Plaintiffs,

v.

Perry JOHNSON, et al., Defendants.

No. 77-CV-71229.

United States District Court,
E.D. Michigan,
Southern Division.

July 23, 1998.

Deborah LaBelle, Ann Arbor, MI, for Plaintiffs.

Leo Friedman, Asst. Attorney General, Lansing, MI, for Defendants.

### OPINION AND ORDER REGARDING IMPOSITION OF CONTEMPT SANCTIONS

FEIKENS, District Judge.

In its opinion and order of March 2, 1998, the U.S. Court of Appeals for the Sixth Circuit affirmed my ruling that the defendants were in contempt for failure to obey my order relating to vocational programming.

*Mary Glover, et al. v. Perry Johnson, et al.,* 138 F.3d 229 (6th Cir.1998).

This ruling came about as a result of an appeal of my opinion and order of July 19, 1996. In that opinion and order, I found by clear and convincing evidence that "Defendants are in contempt of my orders requiring six vocational programs at SCF [Scott Correctional Facility]. There are only four vocational programs at Scott Correctional Facility which are operational. *Defendants admit that they have discontinued auto mechanics, building trades, and the institutional maintenance vocational programs.*" *Glover v. Johnson,* 931 F.Supp. 1360, 1373–74 (E.D.Mich.1996) (emphasis added).

Plaintiffs now move for the imposition of sanctions. In my opinion and order of July 19, 1996, I held that the fine for contempt, effective October 1, 1996, "shall increase to $5,000 per day. Defendants shall pay the fine on a weekly basis, to the Clerk of the Court in Detroit, Michigan. Defendants may purge their contempt by achieving full compliance with all court orders ...." *Id.* at 1385.

Following a hearing held on July 21, 1998, I determined that the defendants had not yet fully implemented the building trades program, the auto mechanics program, and the institutional maintenance program.

Defendants admit that the auto mechanics program can be activated as soon as students for this program are identified, and that a class of instruction will be held subsequent to the assessment and plan development.

As to the building trades program, all that the defendants admit that they have done is to announce that there are openings in this program.

As to the institutional maintenance program, while a new instructor was hired and began employment, I find that it is not operational in that it lacks any hands-on component, has only book work, and is not available to all class members at Scott Correctional Facility.

At the hearing held on July 21, I approved an order appointing a new Vocational Coordinator: Joan M. deSouza; but, she will not begin her work until August 10, 1998.

Thus, I HEREBY ORDER that as of June 8, 1998, the sanction heretofore provided be applied, and that counsel for the plaintiff class submit an appropriate order.